IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RODNEY WYNN, #50077-177,<br>  Movant, | §<br>§<br>§ | |
| v. | §<br>§<br>§ | No. 3:18-CV-1811-B-BT<br>(No. 3:14-CR-451-B-2) |
| UNITED STATES OF AMERICA<br>  Respondent. | §<br>§<br>§ | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Rodney Wynn, a federal prisoner proceeding *pro se*, has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal sentence. *See* Dkt. No. 2. Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Wynn's Section 2255 motion was referred to the United States magistrate judge for findings of fact, conclusions of law, and recommendation. Because it plainly appears that Wynn is not entitled to relief, the Court should dismiss his Section 2255 motion with prejudice. *See* Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.

### I.     Background

On November 10, 2012, Wynn and his co-conspirators kidnapped a victim to recover money that they believed the victim stole from their drug-

1

trafficking organization. *See United States v. Wynn*, No. 3:14-cr-451-B-2 (N.D. Tex.), Dkt. Nos. 409 at 5-8 & 458 at 54. Wynn forced the victim into a car at gunpoint and subdued the victim as Wynn's co-conspirator drove them to an apartment. *See Wynn*, Dkt. No. 409 at 7. Inside the apartment, the co-conspirators stripped the victim naked, and Wynn and several others pistol-whipped the victim and then burned him with a hot skillet, torturing him so that he would reveal the location of the money. *See id*.

On February 1, 2016, Wynn pleaded guilty to a single count of kidnapping, in violation of 18 U.S.C. § 1201. *See Wynn*, Dkt. No. 440. A probation officer prepared a presentence report ("PSR") to aid the Court at sentencing. *See Wynn*, Dkt. No. 409. The PSR set Wynn's offense level at 32 and applied two separate enhancements—the first because the victim sustained serious bodily injury and a second because the co-conspirators used several deadly weapons during the kidnapping. *See id*. at 9. The PSR also recommended a three-level decrease because Wynn accepted responsibility, bringing his total offense level to 33. *See id*. at 10.

Wynn objected to the PSR, arguing that he never used a firearm to subdue the victim and that, after he helped kidnap and transport the victim to the apartment, he left the scene and played no part in torturing the

victim. *See Wynn*, Dkt. No. 419 at 2-3. At his sentencing hearing, the Court overruled Wynn's objections. Specifically, the Court found:

> The facts are very clear from the factual resumes [of the other defendants], the extensive PSR and what we have heard today, that you were involved in the torture and you were involved in manhandling [the victim] and holding him down and had a gun at some point, contrary to what you say.

*Wynn*, Dkt. No. 458 at 54. The Court further found Wynn had falsely denied that he did not use a gun and did not torture the victim; and, therefore, the Court found Wynn ineligible for an acceptance-of-responsibility reduction. *See Wynn*, Dkt. No. 441. The Court calculated Wynn's total offense level at 36 and sentenced him to 293 months in prison. *See id.*

After the United States Court of Appeals for the Fifth Circuit dismissed Wynn's appeal as frivolous, *see United States v. Wynn,* 694 F. App'x 280 (5th Cir. 2017), he filed this Section 2255 motion, *see* Dkt. No. 2. Wynn argues that the Court erred in calculating his sentence under the Guidelines by refusing to reduce his offense level under U.S.S.G. § 3E1.1 and by applying the dangerous-weapon enhancement. *See* Dkt. No. 2. at 7 (arguing that the Court erred in applying U.S.S.G. § 2A4.1(b)(2)(B) because "the 'elements' of kidnapping did not involve the use of physical force" and the definition of "creating a substantial risk of physical force was

3

unconstitutionally vague."). He also claims that the Court violated his rights to due process by delegating its decision-making authority to the Probation Department and that his counsel was ineffective by "violating his duty of loyalty to [Wynn]." *See id.* at 7-8.

## II. Legal Standards & Analysis

Wynn's first and third claims—that the Court erred in calculating his Guidelines sentence by enhancing his offense level under Section 2A4.1(b)(3) and declining to reduce his offense level under Section 3E.1.1—are not cognizable in this collateral proceeding.

"Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed," and "[m]isapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in [Section] 2255 motions." *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (citation omitted). Thus, Wynn cannot succeed here on his claims that the Court misapplied the Sentencing Guidelines as it calculated his Guidelines range. *See, e.g.*, *Fisher v. United States*, No. 4:17-cv-50, 2017 WL 3781855, at *2 (E.D. Tex. July 13, 2017), *rec. adopted* 2017 WL 3725295 (E.D. Tex. Aug. 28, 2017) ("[T]he technical application of the Sentencing Guidelines does not raise an issue of

constitutional dimension for purposes of § 2255 proceedings."); *see also Reeves v. United States*, No. 4:17-cv-268-O, Dkt. No. 3 at 3 (N.D. Tex. Dec. 4, 2017) (same).

Even if those claims were cognizable, they are meritless. As to the Court's application of Section 3E1.1, the Court correctly found that Wynn had not accepted responsibility and so refused to reduce his offense level. Application Note 1 to Section 3E1.1 states that "a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance or responsibility." U.S.S.G. § 3E1.1 n.1(A). That is exactly what Wynn did when he argued at sentencing that he never possessed a gun or tortured the victim. Because the Court found that Wynn had, in fact, done both, it correctly concluded that he had falsely denied his relevant conduct and so "acted in a manner inconsistent with acceptance of responsibility." *See id*. Therefore, he is plainly not entitled to relief on his post-conviction claim that the Court erred in applying Section 3E1.1.

The Court also correctly applied Section 2A4.1(b)(3). In his Section 2255 motion, Wynn does not dispute the fact that he and his co-conspirators ran over the victim with a car, beat him with a pistol, and burned him with a skillet, or the fact that any of those actions warranted

the Court's application of Section 2A4.1(b)(3). *See* U.S.S.G. § 2A4.1(b)(3) (applying a two-level enhancement to the defendant's offense level for a kidnapping conviction "[i]f a dangerous weapon was used.").

Instead, he appears to argue that the offense of kidnapping does not meet the federal code's definition of the phrase "crime of violence" because that definition's residual clause is unconstitutionally vague, and kidnapping cannot satisfy the force clause. *See* Dkt. No. 2 at 7. But whether kidnapping is, or is not, a crime of violence is beside the point. The Court's application of Section 2A4.1(b)(3) was never contingent on whether kidnapping qualified as a crime of violence. Rather, the Court applied the enhancement because Wynn and his co-conspirators used numerous dangerous weapons.

In sum, the Court should summarily dismiss Wynn's post-conviction challenges to its application of the Guidelines.

There also is no merit to Wynn's second claim—that the Court violated his due process rights when it "delegated" to the probation office the authority to prepare his PSR. Wynn is correct that "a district court may not delegate to the Probation Department decision-making authority which would make a defendant's liberty itself contingent on a probation officer's exercise of discretion." *United States v. Matta*, 777 F.3d 116, 122 (2d Cir. 2015). But that rule has no application here. In this case, the Court

considered the PSR, overruled Wynn's objections, correctly calculated his sentence under the Guidelines, and fashioned his sentence. *Cf. United States v. Brick*, 7 F.3d 229, 229 (5th Cir. 1993) ("the district court may permissibly adopt the PSR's factual findings"). Because the Court did not delegate to the Probation Department—or anyone else—its authority to determine Wynn's sentence, the Court should summarily dismiss Wynn's second claim for relief.

Finally, the Court should reject Wynn's ineffective assistance of counsel claim as fatally vague and conclusory. The Court reviews claims of ineffective assistance of counsel under the familiar two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). To succeed on an ineffective assistance of counsel claim, a movant must show that his attorney's performance fell below an objective standard of reasonableness, *see id.* at 687-88, and that he was prejudiced by that substandard performance, *see id.* at 687, 692. To establish deficient performance, the movant must show that his counsel committed an error "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. A movant must offer more than "conclusory allegations" of his counsel's ineffective assistance. *See Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998) ("Mere conclusory allegations

7

in support of a claim of ineffective assistance are insufficient to raise a constitutional issue"); *see also United States v. Holmes*, 406 F.3d 337, 361 (5th Cir. 2005) (same).

Wynn's only allegations of ineffective assistance are conclusory. He claims that his "counsellor(s) [were] deficient for failing through apparent ineptness to act as a reasonably diligent and professional advocate" when the "record (on and off) shows conflicting interests, uninformed or misadvised information." Dkt. No. 2 at 8. However, Wynn fails to point to any "conflicting interests," and makes no attempt to explain when, or how, his lawyer's interest diverged from Wynn's. Similarly, he fails to identify a single piece of "uninformed" or "misadvised information." Instead, he relies on blanket allegations of ineffective assistance, but those "mere conclusory allegations in support of [his] claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." *Green*, 160 F.3d at 1042. Thus, the Court should summarily dismiss Wynn's ineffective assistance of counsel claim.

### III.   Recommendation

The Court should summarily dismiss Wynn's Section 2255 motion.

SIGNED October 23, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).